STATE, WILLIAM WILSON ET AL., PROSECUTORS, v. JOHN M. C. BAYLEY.

1. Depositions taken on a legal holiday, upon notice to, but against the objection of the opposing counsel, cannot be used.

2. Where a complaint was filed under the forcible entry and detainer act, containing a statement of the estate of the complainant in the premises, and, upon the trial, a motion was made by complainant's counsel to strike out the statement, which motion was allowed—*Held*—
1. That there was no power in the justice to order the amendment, and the complaint remains in legal contemplation, as when filed, and so there is no defect in the complaint.
2. That inasmuch as, by force of the construction heretofore given to Section 23 of the act, proof of the estate of the complainant was no part of his case; therefore, that the fact of the allowance of the amendment could not affect the proof in the case, and no presumption arises therefrom that legal proof of complainant's case was not offered at the trial.

On *certiorari.* This writ brings up a conviction upon proceedings taken under the forcible entry and detainer act.

Argued at November Term, 1879, before Justices WOOD-HULL and REED.

For the prosecutors, *L. D. Taylor.*

For the defendant, *Charles A. Lott.*

The opinion of the court was delivered by

REED, J. A number of the reasons assigned for reversal are grounded upon matters not apparent upon the record. One is directed to the alleged misconduct of the jury. Others are directed to the introduction, or absence of evidence at the trial. Relative to such matters, testimony was taken upon a rule obtained for that purpose, to be used upon the argument of this cause. Upon the argument, the use of this testimony was lost, upon the objection of the counsel of the defendant. The objection was that the testimony had been taken on a legal holiday, upon notice to, but against the protest of the defendant's counsel.

The act of taking these depositions, under this state of affairs, was in contravention of the provisions of an act in relation to legal holidays. *Rev., p.* 481. Upon that day, the defendant, or his counsel, could not be brought before the commissioner for this purpose, and his presence there, accompanied, as it was, by his objection to such proceeding, did not operate as a waiver of any of his rights.

The court, upon the opening of the argument, overruled the testimony so taken, and the counsel for the prosecutor chose to proceed at once with his argument upon matters which appeared upon the record.

This course involved the abandonment of the reasons based upon the absence of proof of menaces or threats against the complainant, and other matters relating to the merits of complainant's case, as made at the trial. There is nothing in the record to disclose what was in proof below touching these matters.

This narrowed the argument to the discussion of two objections: first, that the complaint does not show that the com-

plainant had any estate in the premises; second, that the justice did not, upon his docket, assign the reasons that influenced him in the admission or rejection of testimony.

The seventh section of the act concerning forcible entry and detainer provides that the complaint shall, among other things, contain a statement of the estate of the complainant. The complaint, as filed in this case, contained a statement that the landlord was seized of an estate of inheritance in fee simple, in fact and in truth, and was in possession under the landlord and tenant act. Upon the trial, as appears from the transcript, a motion was made by complainant's counsel to strike out the words, "is seized of an estate of inheritance in fee simple." It also appears that the justice granted this motion. The contention is that, by this amendment, the complaint is divested of the statement of any estate, and that the record now exhibits a defect which invalidates the entire proceeding.

Upon an examination of the act under which these proceedings were taken, and of the acts by which the power to order amendments is conferred, no authority in the justice to order this amendment is discoverable. Regarding its effect in changing the legal purport of this complaint after it was filed, the order was nugatory.

In legal contemplation, the paper remained, and still remains, as when filed, at which time it admittedly contained an adequate statement of an estate. Although this is so, yet had the estate of the complainant been a part of the case which he was compelled to prove at the trial, I think the allowance of the motion to strike out the statement of the estate would afford a ground for reversing the judgment in this case. The presumption would then be, that the complainant, at the trial, proved only those matters which he understood to be in the complaint, and that after the allowance of his motion to amend, he shaped his case accordingly. This court would be compelled to conclude that no proof of the complainant's estate was offered upon the trial.

But proof of the estate of the complainant was no part of

his case.   By force of the twenty-third section of the act, which provides that the estate or merits of the title shall in no wise be inquired into, on any complaint which shall be exhibited by virtue of the act, it has been held that while it is essential that the estate shall be set out in the complaint, it is not necessary to prove any estate upon the trial.   *Youngs* v. *Freeman*, 3 *Green* 30; *Mercereau* v. *Bergen*, 3 *Green* 244. Nor will the defendant be allowed to prove that the estate of the complainant differs from that stated in the complaint. *Allen* v. *Smith*, 7 *Halst.* 199; *Drake* v. *Newton*, 3 *Zab.* 111. This anomalous rule that the estate must be stated, and its absence invalidates the proceedings, and yet that it need not be proved by the complainant, and the falsity of the statement cannot be shown by the defendant, is the result of the incongruous clauses in Sections 7 and 23.

The result from this rule, together with the absence of the power of amendment, is, first, that technically the clause stating the estate yet remains, and so there is no defect in the complaint; second, that the fact of the motion for, and allowance of the motion to strike out, could not affect the proof in the cause, and therefore no presumption arises therefrom that legal proof was absent at the trial.   There is no error apparent upon the first point discussed.

As to the second point, that the justice did not enter upon his docket the reasons which influenced him in admitting or rejecting testimony, it is sufficient to say that the present act contains no such requirement.   Why it was introduced into the original act, was a matter of perplexity to the courts. *Sauniere* v. *Wode*, 3 *Harr.* 296.   It has very wisely been eliminated from the act, and therefore the second point falls with it.

The conviction should be affirmed, with costs.